**SANDERS LAW GROUP**
Craig Sanders (SBN: 284397)
Ali Hassanzadeh (SBN: 314757)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Email: csanders@sanderslaw.group
Email: ahassanzadeh@sanderslaw.group
Telephone: (516) 203-7600

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Robert Guillory,<br><br>Plaintiff,<br><br>v.<br><br>California Listings Inc,<br><br>Defendant. | Case No:<br><br>**COMPLAINT FOR:**<br>**(1) Copyright Infringement under 17 U.S.C §501**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

1. Plaintiff Robert Guillory (*"Plaintiff"*), by and through his undersigned counsel, for his Complaint against defendant California Listings Inc. (*"Defendant"*) states and alleges as follows:

## INTRODUCTION

2. This action seeks to recover damages for copyright Infringements under the Copyright Act, 17 U.S.C §101 *et seq*.

3. Plaintiff created a series of photographs in which Plaintiff owns the rights and licenses for various uses including online and print publications.

4. Defendant is a real estate media company which owns and operates a

website at domain californialistings.com (the "*Website*").

5. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed Plaintiff's rights-protected photographs on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

6. Plaintiff Robert Guillory is an individual who is a citizen of the State of California and maintains a principal place of business in Los Angeles County, California.

7. Upon information and belief, defendant California Listings Inc, is a California corporation with a principal place of business at 9461 Charleville Blvd., Beverly Hills in Los Angeles County, California.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over the federal copyright Infringements claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in California.

10. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

//

//

//

//

SLG SANDERS · LAW GROUP ·

## FACTS COMMON TO ALL CLAIMS

### A. Plaintiff's Copyright Ownership

11. Plaintiff is a professional real estate photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

12. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

15. On December 1, 2021, Plaintiff first published a series of photographs of Kanye West's ranch home in Hidden Hills, California (*"Photographs 1-7"*). True and correct copies of Photographs 1-7 are attached hereto collectively as Exhibit 1.

16. Plaintiff published Photographs 1-7 by commercially licensing them to real estate agents for the purpose of promoting Kanye West's ranch home in Hidden Hills, California.

17. In creating Photographs 1-7, Plaintiff personally selected the timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the Photographs 1-7.

18. On March 6, 2022, Plaintiff registered the Photographs 1-7 under the USCO Registration Nos. VA 2-302-339 and VA 2-289-987 (Supplement).

19. Plaintiff created Photographs 1-7 for commercial purposes.

20. Photographs 1-7 throughout the balance of this Complaint may be referred to as the *"Photographs"*.



SLG SANDERS LAW GROUP

**B. Defendant's Infringing Activity**

21. Defendant is the registered owner of the Website and is responsible for its content.

22. Defendant is the operator of the Website and is responsible for its content.

23. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

24. The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

25. On or about June 12, 2023, Defendant displayed the Photographs on the Website as part of an on-line story at URL: https://californialistings.com/2023/06/12/kanye-west-hidden-hills-loss/ (*"Infringements 1-7"*). See Exhibit 2 attached hereto, true and correct copies of various screengrabs showing Infringements 1-7 on the Website.

26. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photographs on the Website.

27. Upon information and belief, each of Plaintiff's Photographs were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photographs (hereinafter the unauthorized uses set forth above are referred to as the "*Infringements*").

28. The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5).*

29. The Infringements are exact copies of Plaintiff's original images that

were directly copied and displayed by Defendant on the Website.

30. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to, copying, posting, selecting, commenting on and/or displaying images including, but not limited to, Plaintiff's Photographs.

31. Upon information and belief, the Photographs were willfully and volitionally posted to the Website by Defendant.

32. Upon information and belief, Defendant is not registered as an internet service provider with the USCO pursuant to 17 U.S.C. §512.

33. Upon information and belief, the Infringements were not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

34. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

35. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised, and/or had the right and ability to exercise, such right.

36. Upon information and belief, Defendant monitors the content on its Website.

37. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

38. Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase in its advertising revenue.

39. Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website.

40. Upon information and belief, Defendant at all times had the ability to



SLG SANDERS LAW GROUP

stop the reproduction and display of Plaintiff's copyrighted material.

41. Defendant's use of the Photographs harmed the actual market for the Photographs.

42. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

43. On August 18, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

44. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, the parties have not reached a resolution.

45. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**FIRST COUNT**

***(Direct Copyright Infringements, 17 U.S.C. §501 et seq.)***

46. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

47. The Photographs are each original, creative works in which Plaintiff owns a valid copyright.

48. The Photographs are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

49. Plaintiff has not granted Defendant a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

50. Without permission or authorization from Plaintiff, and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works



SLG SANDERS LAW GROUP

copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

51. Defendant's reproduction of the Photographs and display of the Photographs constitutes willful copyright infringement.

52. Upon information and belief, Defendant willfully infringed upon Plaintiff's Photographs in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority, by using each on the Website.

53. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the Infringements pursuant to 17 U.S.C. § 504(c).

54. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain

## JURY DEMAND

55. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 *et seq.* and

therefore award damages and monetary relief as follows:

a. finding that Defendant infringed on Plaintiff's copyright interest in and to the Photographs by copying and displaying each without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the Infringements pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: July 5, 2024

**SANDERS LAW GROUP**

By: _/s/ Ali Hassanzadeh_
Ali Hassanzadeh, Esq.
333 Earle Ovington Boulevard, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: ahassanzadeh@sanderslaw.group
File No.: 128382

*Attorneys for Plaintiff*

SLG SANDERS · LAW GROUP ·